The opinion of the Court was delivered by
Tilghman C. J.
This was an action of ejectment brought by George Bower, against Anthony Blessing, in which there was a judgment for the defendant. Every thing on the record, so far as concerns the pleadings, verdict and judgment, *246 is regular and free from error. But the plaintiff alleges error in a collateral matter, which he supposes to be part of the record. During the trial, the defendant filed a writing, by which he declared, “ that in case the verdict should be in his favour, he agreed that referrees should be appointed by the Court, to ascertain the real debt due from him to the plaintiff; and that the same should be paid immediately upon the report being returned, and approved by the Court; and In case of non payment, the verdict should be set aside, and judgment entered for the plaintiff.” It is not pretended, that the plaintiff was a parly to this writing, or that it was read to the jury, or that the jury in any manner referred to it, or incorporated it in their verdict. On the contrary, there is no doubt, that the plaintiff considered it as injurious to him, and intended by the defendant to influence the jury, (who would be sure to hear of it,) to find against the plaintiff, contrary to law. The plaintiff’s subsequent conduct shewed, that he disavowed this writing ; for on the verdict being entered for the defendant, on the 31st January, 1819, instead of requesting the Court to appoint auditors, he moved for a new trial, on which an argument was had, and on the 5th October, 1819, the Court rejected the motion, and entered judgment on the verdict. On the 13th March, 1820, the plaintiff moved the Court to set aside the judgment, and an execution which had issued on it, and appoint auditors to ascertain the debt due to him from the defendant. On the 29th January, 1821, the Court delivered their opinion against the motion, giving as their reason, that after so long a time, they ought not to open the judgment.
Without giving a positive opinion, I very much doubt, whether a Court of Error can take notice of the writing filed by the defendant. It was no agreement, but an ex parte paper, filed without the consent of the plaintiff, and intended to injure him. Considering our blended jurisdiction of law and equity, wé have been in the practice of'receiving verdicts, imposing terms on the parties. When these verdicts are recorded, and judgments entered on them, they are strictly part of the record. But, the writing now under examination, seems rather to be an act, by which the party submitted himself to the power of the Court, before whom his eause was tried, in a manner out of the usual course of proceeding, *247 and not cognisable by a Court of Error. I would not be understood, however, as deciding this point, because a decision is unnecessary. In another point of view, the cause is against the plaintiff, even supposing the writing alluded to, to be part of the record. The plaintiff certainly had his choice, to become a party to the defendant’s offer, or reject it. It could not be forced upon him. The Court had no right to compel'him to have his debt ascertained by auditors. He had a right to insist on bringing another action, and submitting his case to a jury. Now, I think it appears, that he has made his choice, to have nothing to do with the defendant’s offer. For, instead of moving for auditors at the proper season, when the verdict was entered, he took quite a different course, and applied for a new trial. After this, he could never insist on accepting the defendant’s offer; although, undoubtedly the Court might, in their discretion, have made such order in the matter, as they thought proper. They have exercised their discretion, by refusing to set aside the judgment; but on that point, we have no power to control them. I am of opinion, that there is no error in the record, and therefore the judgment should be affirmed.
Judgment affirmed.